## Owens *v.* State.

(Division A. June 1, 1931.)

[135 So. 204. No. 29331.]

Thames & Thames, of Vicksburg, for appellant.

**Eugene B. Ethridge,** Special Agent, for the state.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was convicted of larceny on an indictment in one count charging him with burglariously breaking and entering a railroad car and stealing therefrom a lot of meat owned by the Armour Company. The meat was shipped from Houston, Texas, to Augusta, Ga., and was routed through Vicksburg, Miss., where the burglary is said to have occurred.

About 12:05 a. m., September 18, the car containing the meat was placed in an outbound train of cars at Vicksburg, which train was then switched to a point on the railroad about a mile from Vicksburg where it was picked up and carried on by a regular engine. A special agent of the railroad company, who was riding on the switch engine, saw several packages of hams and beef, which the jury were warranted in believing came out of the car hereinbefore mentioned, lying near the railroad track and near the place where the switch engine turned the train over to its regular engine. He immediately returned to Vicksburg and went again, accompanied by two police officers, to the place where he saw the meat. The three secreted themselves near the meat which was a short distance from the railroad track in some weeds, and, according to the evidence, not sufficiently visible from the railroad track to readily attract the attention

of a passerby who did not know it was there, the night being dark. An hour or two afterwards two men, one of whom was the appellant, came to the place, and the appellant, according to the state's evidence, picked up one of the packages and put it on his shoulder. One of the police officers then cried "Halt," and the appellant threw the meat down and started to run, as did his companion. Then the police officers began to shoot, hitting and stopping the appellant, but his companion escaped.

The appellant testified that he was an employee of the railroad company, knew nothing of the burglary, that he and his companion were on their way to his (the appellant's) home when he saw the meat, that he did not pick up any of it, but was leaning over examining a package of it, for the purpose of ascertaining what it was so he could report it, when he was shot. He had a pair of pliers in his pocket at the time, which he claimed to have inadvertently put there when he was assisting another a short time before in repairing an automobile.

The court instructed the jury for the state: "The court instructs the jury for the state that even though you may believe from the evidence in this case that the defendant himself did not wilfully, feloniously and burglariously break and enter the box car in question, still if you believe from the evidence in this case beyond a reasonable doubt that after the box car was broken into by another, that he, the said defendant, then and there wilfully, and feloniously took, stole and carried away the goods of Armour & Company that had been contained in said car, and of the value of twenty-five dollars or over, then you will find him guilty of grand larceny as charged in the indictment."

This instruction is challenged by one of the assignments of error and should not have been given.

The larceny charged in the indictment is a larceny alleged to have been committed in connection with a burglary of the car and for the commission of which the

car is alleged to have been broken and entered. The larceny to which this instruction is pointed and of which it permitted the jury to convict the appellant is another and different larceny committed at another time and place. It evidently was intended to permit the jury to convict the appellant of stealing the meat after it had been placed by another on the railroad right of way, and, since the jury did not convict him of the burglary, it was very probably for this crime that he was convicted.

Reversed and remanded.